UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x
JUSTIN McCLARIN,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, DAVID GRIECO,
MICHAEL ARDOLINO, DAVID QUATTROCHI,
WILLIAM SCHUMACHER & SGT. ROBERT
MARTINEZ,

                              Defendants.

---------------------------------------------------------------------- X

**AMENDED COMPLAINT**

**16-CV-6846**

**ECF Case**

**Jury Trial Demanded**

Plaintiff **JUSTIN McCLARIN**, by his attorneys, Schulman Law, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for violation of his rights secured by 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

2. The claims arise from an incident which began on or about December 13, 2015, and continued until on or about June 24, 2016.

3. During the incident, Defendants **THE CITY OF NEW YORK, DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** and other members of the New York City Police Department (hereinafter referred to as "NYPD") subjected Plaintiff

to false arrest; false imprisonment; excessive force; unlawful search and seizure; malicious criminal prosecution; conspiracy; fabricated evidence; unlawful confinement; failure to intervene; failure to supervise subordinates; gross negligence; negligence in the performance of police duties; and negligent hiring, retention, supervision and training of NYPD employees.

4. Plaintiff seeks compensatory damages, punitive damages, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

5. Jurisdiction is founded upon the existence of a Federal Question, under 28 U.S.C. § 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), over any and all state law and constitutional claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), in that the claim arose within this District.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. Plaintiff **JUSTIN McCLARIN** is a Citizen of the United States and a resident of the City of New York, County of Kings, State of New York.

10. At all times mentioned, Defendant **CITY OF NEW YORK,** was and is a municipal corporation duly organized and existing by virtue of the law of the State of New York.

11. At all times mentioned, Defendant **CITY OF NEW YORK,** its agents, servants, and employees, operated, maintained, and controlled the Police Department of the City of New York, including all the police officers thereof.

12. At all times mentioned, Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** were police officers/detectives of the Defendant **CITY OF NEW YORK**, and at all times herein were acting in such capacity as agents, servants and employees of the Defendant **CITY OF NEW YORK.**

13. At all times mentioned, Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** were acting under color of law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or of Defendant **CITY OF NEW YORK**.

## STATEMENT OF FACTS & BACKGROUND

14. This action arises under the provisions of the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and under federal law, the Civil Rights Act, Title 42 of the United States Code, Section 1983, and the rights under the Constitution and laws of the State of New York.

15. On or about February 29, 2016, and within ninety (90) days after the claim herein arose and continued, the Plaintiff served a Notice of Claim in writing sworn to on his behalf upon the Defendant **CITY OF NEW YORK**, by submitting a copy thereof to the officer designated to receive such process personally, which Notice of Claim advised the Defendant **CITY OF NEW YORK**, of the nature, place, time and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

16. On or about September 16, 2016, and within ninety (90) days after the claim related to malicious prosecution became ripe, the Plaintiff served a Supplemental/ Amended Notice of Claim in writing sworn to his behalf upon the Defendant **CITY OF NEW YORK**, by submitting a copy thereof to the officer designated to receive such process personally, which Supplemental/ Amended Notice of Claim advised the Defendant **CITY OF NEW YORK**, of the nature, place, time and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

17. The Plaintiff has complied with the request of the municipal Defendants for an oral examination pursuant to Section 50-H of the General Municipal Law.

18. At least thirty (30) days have elapsed since the service of the claims prior to the commencement of this action and adjustment thereof has been neglected or refused.

**FEDERAL CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**

Deprivation of Rights;  False Arrest/Unlawful Imprisonment;  Malicious Prosecution;  Failure to Intervene;  Supervisory Liability, and Deprivation of Substantive Due Process, all under 42 U.S.C. § 1983

19. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "18" with full force and effect as though set forth at length herein.

20. On or about December 13, 2015, at approximately 02:30 a.m., in the vicinity of 393 Warwick Street, Brooklyn, NY 11207, the basement apartment where Plaintiff **JUSTIN McCLARIN** was sleeping was unlawfully and forcefully entered by members of the New York City Police Department, including Defendants **DAVID GRIECO,  MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**, who had no warrant or probable cause to enter the private residence.

21. On the above stated date, time and location, Plaintiff **JUSTIN McCLARIN** was falsely imprisoned and taken into custody by members of the NYPD, including

Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**.

22. Plaintiff **JUSTIN McCLARIN** had multiple assaults and batteries committed to his person by Defendant **DAVID QUATTROCHI,** including, but not limited to, being placed in handcuffs that were too tight, being thrown to the ground, being shot with a b.b. gun at the 75th precinct station house, and otherwise being assaulted.

23. The actions were perpetrated by members of the NYPD, including Defendants **DAVID GRIECO,  MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**.

24. During the course of being removed from the apartment where Plaintiff **JUSTIN McCLARIN** was sleeping, Plaintiff **JUSTIN McCLARIN** was slammed onto the pavement by Defendant **DAVID QUATTROCHI**, causing a shoulder dislocation. While in the 75th police precinct following arrest, Plaintiff **JUSTIN McCLARIN** was shot with a b.b. gun by an unknown member of the NYPD, at least five times.

25. During the incidents alleged herein, Defendants **DAVID GRIECO,  MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** failed to intervene to prevent the unlawful conduct described herein.

26. **SGT. ROBERT MARTINEZ** failed in his supervisory responsibilities over the other named Defendants by being delibertately or consciously indifferent to the rights of others in failing to properly supervise and train subordinate employees.

27. Defendant **DAVID GRIECO** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

28. Defendant **MICHAEL ARDOLINO** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

29. Defendant **DAVID QUATTROCHI** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

30. Defendant **WILLIAM SCHUMACHER** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

31. Defendant **SGT. ROBERT MARTINEZ** was at all times relevant, duly appointed and an acting officer of the City of New York Police Department.

32. At all times mentioned herein, said police officers were acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

33. On or about December 13, 2015, Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**, while effectuating the seizure of the Plaintiff **JUSTIN McCLARIN**, did search, seize, and grab the person of the Plaintiff without a court authorized arrest or search warrant.

34. Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**

did physically seize the person of Plaintiff **JUSTIN McCLARIN** during the arrest process in an unlawful manner.

35. Plaintiff **JUSTIN McCLARIN** was falsely arrested and maliciously prosecuted following the arrest, at the initiation and behest of Defendants **DAVID GRIECO and MICHAEL ARDOLINO,** under the supervision of Defendant **SGT. ROBERT MARTINEZ**.

36. Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**, failed to take reasonable steps to stop the prosecution of Plaintiff **JUSTIN McCLARIN** and instead performed unlawful and unconstitutional police procedures and maliciously provided false information to the District Attorney's office to initiate a criminal prosecution against Plaintiff **JUSTIN McCLARIN**.

37. Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** had an affirmative duty to intervene on behalf of Plaintiff **JUSTIN McCLARIN**, whose constitutional rights were being violated in their presence by other officers.

38. Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** failed to intervene to prevent the unlawful conduct described herein.

39. As a result of Defendants' failure to intervene, Plaintiff **JUSTIN McCLARIN** was subjected to excessive force, his liberty was restricted for an extended period of time, he was put on fear of his safety, he was humiliated, subjected to handcuffing and imprisoned and prosecuted without probable cause.

40. Defendant **SGT. ROBERT MARTINEZ**, a "supervisory defendant," personally caused Plaintiff **JUSTIN McCLARIN's** constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train subordinate employees.

41. As a result of Defendant **SGT. ROBERT MARTINEZ**'s failure to properly supervise and train subordinate employees, Plaintiff **JUSTIN McCLARIN** was subjected to excessive force, his liberty was restricted for an extended period of time, he was put on fear of his safety, he was humiliated, subjected to handcuffing and imprisoned and prosecuted without probable cause.

42. The commencement of the criminal proceedings against Plaintiff **JUSTIN McCLARIN** under Docket No. 2015KN080583 was malicious, began in malice and without probable cause, so that the proceedings could succeed by Defendants for a purpose outside of the legitimate ends of the legal process.

43. As a result of the malicious prosecution, Plaintiff **JUSTIN McCLARIN** was deprived of his liberty for approximately six days until his release, when a Grand Jury voted "No True Bill" on or about December 19, 2015.

44. Plaintiff **JUSTIN McCLARIN** suffered humiliation, mental anguish, indignity and the frustration of an unjust criminal prosecution. Plaintiff **JUSTIN McCLARIN** made multiple court appearances to defend his liberty as a result of the unjust prosecution.

45. The above-summarized actions of Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT.**

**ROBERT MARTINEZ** resulted in the Plaintiff being deprived of the following rights under the United States Constitution:

a. Freedom from assault to his person;

b. Freedom from battery to his person;

c. Freedom from illegal search and seizure;

d. Freedom from false arrest;

e. Freedom from the use of excessive force during the arrest process;

f. Freedom from being maliciously prosecuted.

g. Freedom from officers failing to intervene while in the presence of misconduct.

46. Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** subjected the Plaintiff to such deprivations, either in a malicious or reckless disregard of the Plaintiff's rights or with deliberate indifference to those rights used under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47. The direct and proximate result of the Defendants' acts include Plaintiff **JUSTIN McCLARIN** suffering severe and permanent injuries of a physical and psychological nature. Plaintiff **JUSTIN McCLARIN** was forced to endure pain and suffering, all to his detriment.

48. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to

punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**FEDERAL CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANT CITY OF NEW YORK**
(Municipal Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with full force and effect as if fully set forth herein.

50. Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**, jointly and severally, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendant **CITY OF NEW YORK** and/or the NYPD that is forbidden by the United States Constitution.

51. The aforementioned customs, policies, usages, practices, procedures and rules of **CITY OF NEW YORK** and/or the NYPD included, but were not limited to, arresting citizens without probable cause; tacitly sanctioning repeated improper conduct by Defendant **DAVID GRIECO** and other members of the NYPD's 75th police precinct; conducting suggestive and unlawful identification procedures; coercion of witnesses; manufacturing evidence; and engaging in falsification in an effort to secure convictions and achieve ulterior motives, particularly related to Defendants **DAVID GRIECO, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** and other members of the NYPD's 75th police precinct.

52. Defendant **CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its police officers and detectives, including Defendants **DAVID GRIECO, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ,** becoming a driving force behind the violation of Plaintiff **JUSTIN McCLARIN**'s rights as described herein.

53. By failing to properly recruit, screen, train, discipline and supervise its officers, including individually named Defendants **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**, Defendant **CITY OF NEW YORK** has tacitly authorized, ratified, sanctioned and/or impliedly authorized Defendants **DAVID DAVID GRIECO,  MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ** to act in the ways described herein.

54. In addition to the aforementioned unconstitutional policies, customs, and practices, Defendant **CITY OF NEW YORK** has ratified the persistent, repeated unconstitutional actions of Defendant **DAVID GRIECO** by settling multiple Civil Rights lawsuits wherein Defendant **DAVID GRIECO** was named as a Defendant and repeatedly allowing Defendant **DAVID GRIECO** to resume full job responsibilities, and continue a pattern of unconstitutional conduct.

55. The foregoing customs, policies, usages, practices, procedures and rules of Defendant **CITY OF NEW YORK** constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff **JUSTIN McCLARIN**.

56. The foregoing customs, policies, usages, practices, procedures and rules of Defendant **CITY OF NEW YORK** were the direct and proximate cause of the constitutional violations suffered by Plaintiff **JUSTIN McCLARIN** as alleged herein.

57. Defendants, **DAVID GRIECO, MICHAEL ARDOLINO, DAVID QUATTROCHI, WILLIAM SCHUMACHER & SGT. ROBERT MARTINEZ**, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff **JUSTIN McCLARIN**'s constitutional rights.

58. All of the foregoing acts by Defendants deprived Plaintiff **JUSTIN McCLARIN** of federally protected rights, including, but not limited to, the right:

   i. Not to be deprived of liberty without due process of law;
   ii. To be free from false arrest/unlawful imprisonment;
   iii. To be free from unreasonable and unlawful searches;
   iv. To be free from malicious prosecution;
   v. To be free from the deprivation of the right to counsel;
   vi. To be free from unlawful warrantless detention and arrest.

59. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN**, is entitled to compensatory damages in an amount to be fixed by a jury, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## STATE LAW CAUSE OF ACTION - ASSAULT
## AGAINST DEFENDANTS THE CITY OF NEW YORK,
## DAVID GRIECO & MICHAEL ARDOLINO

60. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "59" with full force and effect as though set forth at length herein.

61. On or about December 13, 2015, at approximately 02:30 a.m., in the vicinity of 393 Warwick Street, Brooklyn, NY 11207, Defendants **DAVID GRIECO and MICHAEL ARDOLINO** did place Plaintiff **JUSTIN McCLARIN** in imminent fear of physical contact by approaching the Plaintiff, with outstretched limbs, which were used to assault and falsely imprison Plaintiff **JUSTIN McCLARIN.**

62. All of the actions caused Plaintiff **JUSTIN McCLARIN** to experience a reasonable apprehension that an immediate harmful or offensive contact would be applied to his person.

63. At no time did Plaintiff **JUSTIN McCLARIN** consent to the unlawful actions of the Defendants and such conduct constituted an assault against Plaintiff **JUSTIN McCLARIN.**

64. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## STATE LAW CAUSE OF ACTION - BATTERY
## AGAINST DEFENDANTS THE CITY OF NEW YORK,
## DAVID GRIECO & MICHAEL ARDOLINO

65. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "64" with full force and effect as though set forth at length herein.

66. On or about December 13, 2015, at approximately 02:30 a.m., in the vicinity of 393 Warwick Street, Brooklyn, NY 11207, a member of the NYPD committed harmful and offensive contact upon Plaintiff **JUSTIN McCLARIN** by slamming Plaintiff **JUSTIN McCLARIN** into the pavement, causing a shoulder dislocation.

67. While in the 75th police precinct following the arrest, Plaintiff **JUSTIN McCLARIN** was repeatedly shot with a b.b. gun by members of the NYPD.

68. Defendants **DAVID GRIECO and MICHAEL ARDOLINO** intentionally caused harmful and offensive contacts to occur upon Plaintiff **JUSTIN McCLARIN**, including false arrest.

69. At no time did Plaintiff **JUSTIN McCLARIN** consent to the unlawful actions of the Defendants and the actions of Defendants **DAVID GRIECO and MICHAEL ARDOLINO** were in no way privileged or defensible. Such conduct constituted a battery against Plaintiff **JUSTIN McCLARIN**.

70. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## STATE LAW CAUSE OF ACTION - FALSE ARREST AGAINST DEFENDANTS THE CITY OF NEW YORK, DAVID GRIECO & MICHAEL ARDOLINO

71. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "70" with full force and effect as though set forth at length herein.

72. On or about December 13, 2015, at approximately 02:30 a.m., in the vicinity of 393 Warwick Street, Brooklyn, NY 11207, Defendants, jointly and severally without any warrant, order or other legal process and without any legal right, wrongfully and unlawfully arrested Plaintiff **JUSTIN McCLARIN**, restrained Plaintiff **JUSTIN McCLARIN** and his liberty, and then took him into custody within the NYPD's 75th police precinct, in the County of Kings, and charged him with the crimes under Index No. 2015KN080583.

73. During the course of arresting Plaintiff **JUSTIN McCLARIN**, Plaintiff **JUSTIN McCLARIN**'s apartment was unlawfully and forcefully entered by members of the New York City Police Department, who had no legitimate basis to do so.

74. On the above stated date, time and location, Plaintiff **JUSTIN McCLARIN** was falsely imprisoned by members of the NYPD.

75. Plaintiff **JUSTIN McCLARIN** was arrested, criminally processed, and arraigned on Felony charges, all for crimes Plaintiff **JUSTIN McCLARIN** did not commit.

76. The Defendants intentionally confined Plaintiff **JUSTIN McCLARIN** without his consent and the confinement was not otherwise privileged by law and, at all times, Plaintiff **JUSTIN McCLARIN** was conscious of his confinement.

77. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### STATE LAW CAUSE OF ACTION - MALICIOUS PROSECUTION AGAINST DEFENDANTS THE CITY OF NEW YORK, DAVID GRIECO & MICHAEL ARDOLINO

78. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "77" with full force and effect as though set forth at length herein.

79. Upon information and belief, on or about December 13, 2015, and from that time until the dismissal of the charges on about June 24, 2016, at Kings County Supreme Court, Defendants **CITY OF NEW YORK, DAVID GRIECO, and MICHAEL ARDOLINO,** deliberately and maliciously prosecuted Plaintiff **JUSTIN McCLARIN**, an innocent man, without probable cause whatsoever, by filing or causing a criminal complaint to be filed in the Supreme Court of the State of New York, Kings County, for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

80. Defendants **CITY OF NEW YORK, DAVID GRIECO, and MICHAEL ARDOLINO,** their agents, servants or employees failed to take reasonable steps to stop the prosecution of the Plaintiff and instead maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to induce the prosecution of the Plaintiff.

81. The commencement of these criminal proceedings under Index No. 2015KN080583 was malicious and began in malice and without probable cause, so that the proceedings could succeed by Defendants.

82. As a result of the malicious prosecution, Plaintiff **JUSTIN McCLARIN** was deprived of his liberty and suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution. Plaintiff **JUSTIN McCLARIN** made court appearances to defend his liberty against these unjust charges.

83. Plaintiff **JUSTIN McCLARIN** remained in police custody for approximately six days until his release when a Grand Jury voted "No True Bill" on or about December 19, 2015. The charges against Plaintiff **JUSTIN McCLARIN** were ultimately dismissed on June 24, 2016.

84. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN**, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## STATE LAW CAUSE OF ACTION – *RESPONDEAT SUPERIOR* LIABILITY AGAINST DEFENDANT CITY OF NEW YORK

85. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in Paragraphs "1" through "84" with full force and effect as though set forth at length herein.

86. Defendant **CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

87. As a result of the foregoing, Plaintiff **JUSTIN McCLARIN** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff **JUSTIN McCLARIN** demands judgment and prays for the following relief, jointly and severally, against all the Defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual Defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated:       QUEENS, NEW YORK
               JUNE 18, 2018

                                      Yours, etc.

                                      **SCHULMAN LAW**

_____
BY:  Eylan Schulman
Attorneys for Plaintiff
57-00 Broadway
Woodside, NY 11377
(718) 426-2800