UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JUSTIN McCLARIN,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, DAVID
GRIECO, MICHAEL ARDOLINO,
DAVID QUATTROCHI, WILLIAM
SCHUMACHER, and SGT. ROBERT
MARTINEZ,

                Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 16-CV-6846 (FB) (SJB)

*Appearances:*
*For the Plaintiff*:
EYLAN SCHULMAN
5700 Broadway
Woodside, New York 11377

*For the Defendants*:
VALERIE ELIZABETH SMITH
New York City Law Department
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

      The defendants seek reconsideration of that portion of the Court's June 15, 2020 memorandum and order denying their motion for summary judgment on the plaintiff's claim for malicious prosecution.[1]  They argue that the Court overlooked

---

[1] In that memorandum and order, the Court (1) granted defendants' motion for summary judgment on plaintiff's claim for false arrest, one of his claims for excessive force, and his *Monell* claim against the City; and (2) denied the motion with respect to all other claims, including the claim for malicious prosecution, a claim for unlawful entry, a second claim for excessive force, a claim for failure to

1

binding authority relating to implausible testimony and, in particular, recanted testimony of domestic violence.

In denying summary judgment, the Court cited *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 476 (S.D.N.Y. 2003), for the proposition that "[i]t is axiomatic that courts should not assess credibility on summary judgment." The defendants argue that the Court overlooked the caveat, endorsed by the Second Circuit, that "when evidence is so contradictory and fanciful that it cannot be believed by a reasonable person, it may be disregarded." *Id.*, *aff'd*, 426 F.3d 549, 554 (2d Cir. 2005). That is not correct. The Court was well aware of the legal principle involved; it simply concluded that there was nothing inherently contradictory or implausible about the evidence supporting the plaintiff's version of events. To the contrary, the record reveals a typical factual dispute about the events leading up to the plaintiff's prosecution, which precludes summary judgment.

Nor did the Court overlook controlling precedent regarding recanted testimony. In *United States v. Carthen*, 681 F.3d 94 (2d Cir. 2012), the Second Circuit held that it was not an abuse of discretion to allow hearsay evidence of domestic abuse in support of a violation of supervised release "when a defendant has a 'history of violent conduct [that] ma[kes] reprisal against [the declarant] a

---

intervene, a claim for supervisory liability and claim for *respondeat superior* liability against the City. Only the malicious prosecution claim is at issue.

possibility.'" *Id*. at 101 (quoting *United States v. Jones*, 299 F.3d 103, 113 (2d Cir. 2002)). In *Haouari v. United States*, 510 F.3d 350 (2d Cir. 2007)—which did not involve domestic violence—it held that an unsworn and uncorroborated recantation did not justify a successive habeas petition. *Id.* at 353.

This is neither a violation of supervised release proceeding nor a habeas petition. In both *Carthen* and *Haouari*, the district court was empowered to make at least some assessment of credibility, a task that is plainly improper in the context of a motion for summary judgment. In other words, the Court agrees that Miranda's testimony that she was not being held against her will and that she was coerced by the police to say otherwise is to be viewed with the "utmost suspicion." But the reasons for such suspicion will, in a civil case, be the subject of cross-examination and, ultimately, the assessment of a jury.

Defendants' motion for reconsideration is denied.

**SO ORDERED**.

　/S/ Frederic Block　
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 24, 2021

3