UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
JUSTIN McCLARIN,

                                Plaintiff,         16-CV-6846(FB)

     -against-

THE CITY OF NEW YORK, DAVID GRIECO, &
MICHAEL ARDOLINO, et al.,

                               Defendants.
----------------------------------------------------------------------------X

## PLAINTIFF'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

Eylan Schulman, Esq.
SCHULMAN TRIAL, PLLC
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 874-2500
Eylan@schulmantrial.com

MICHAEL HUESTON, ESQ.
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900

*Attorneys for Plaintiff Justin McClarin*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JUSTIN McCLARIN,

                                                     Plaintiff,           16-CV-6846(FB)


           -against-


THE CITY OF NEW YORK, DAVID GRIECO, &
MICHAEL ARDOLINO, et al.,


                                                  Defendants.
---------------------------------------------------------------------------X

## PLAINTIFF'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

Plaintiff Justin McClarin respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 47 of the Federal Rules of Civil Procedure. The Court is requested to pursue more detailed questioning at sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the plaintiff or defendants.

### Implicit Bias

**(To be included in the Preliminary Instructions given before Jury Selection)**

We all have or have had feelings, assumptions, perceptions, fears, and stereotypes also known as biases about people and places that have affected our memories, our thoughts, what we see or hear and/or the decisions we make or have made. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or

"unconscious biases." Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control or intention. Like conscious bias, unconscious/implicit bias, too, can affect how we evaluate information and make decisions.

It is important that if you are selected as a juror, you must discharge your duties without discrimination, meaning that bias or stereotypes regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity or gender of the defendant, any of the witnesses or the lawyers will play absolutely no role in the exercise of your judgment throughout the trial.

### The Claim

1. This is a civil case. The plaintiff is Justin McClarin. Plaintiff has brought a Complaint against the named officers alleging violations of civil rights laws.

2. The Complaint contains multiple claims alleging that Mr. McClarin was falsely arrested, maliciously prosecuted, and the victim of excessive force in an incident that started on December 13, 2015 at 3:00 am in the morning. Specifically, McClarin now brings claims for Unlawful Search and Seizure; False Arrest/Unlawful Imprisonment; Excessive Force/Assault & Battery; Malicious Prosecution; Failure to Intervene; and Supervisory Liability.

### Personal Challenges

3. Do any of you have any unusual hardship, work commitment, or personal obligation that will prevent you from serving in this case?

4. Do any of you have any unusual hardship with respect to the COVID pandemic that will prevent you from serving in this case?

5. Do any of you have any difficulty with your sight or hearing, or any other health problem, that might make it difficult for you to serve as a juror in this trial?

### Nature of the Charges

6. Do any of you feel that you cannot listen to the evidence and render a fair and impartial verdict in a case involving allegations of police misconduct?

7. Does the mere fact that Mr. McClarin was arrested on December 13, 2015 lead you to believe Mr. McClarin must have committed a crime?

8. Have any of you been charged with any felony or misdemeanor, in either federal, state or local court?

9. Have any of you ever been a witness to police brutality? If so, please describe what you witnessed.

10. Have you seen or heard anything today that would influence your ability to be a fair and impartial juror in this case?

11. Do any of you have any preconceived ideas or prejudices that would prevent or hinder you from following the instructions the Court gives you as to the law?

### Knowledge of the Events

12. Does any juror have any personal knowledge of the charges as I have described them? Have you read or heard anything about this case?

### Knowledge of the Trial Participants

13. Do any of you know, or have you had any dealings, directly or indirectly, with Mr. McClarin or with any relative, friend, or associate of Mr. McClarin?

14. The City of New York and defendant police officers are represented here, as in all cases where the City is a party before this Court, by the Corporation Counsel for the City of New

York, Hon. Silvia Hines-Radix.  The conduct of the trial will be in the immediate charge of Zachary Kalmbach and Erica Bianco.

15. Do any of you know Mr. Kalmbach or Ms. Bianco?  Have you or your family members or close friends had any dealings either directly or indirectly with them?

16. Justin McClarin is represented by attorneys Eylan Schulman and Michael Hueston.  Do any of you know either of these attorneys?  Has any juror had any dealings, either directly or indirectly, with either of them?

17. I will now read you a list of names of individuals who may be mentioned during the trial or who may be witnesses in this case as well as locations that may be mentioned.

>Names

>*[Names & Places to be filed by McClarin in advance of trial]*

>Locations

>*[Names & Places to be filed by McClarin in advance of trial]*

Do any of you know any of these people?  Has any juror had any dealings, either directly or indirectly, with any of these individuals or locations?

**Relationship with City of New York, NYPD Officers and Strong Feelings Related Thereto**

18. Have you or your family members or close friends had any dealings either directly or indirectly with the New York Police Department or the NYC Law Department?

19. Does any juror know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the New York Police Department or New York City Law Department?  Is any member of any juror's family employed by any law enforcement agency, whether federal, state or local?

4

20. Has any juror – either through any experience he or she has had or anything he or she has seen or read – developed any bias or prejudice for or against the New York Police Department or New York City Law Department?

21. Has any juror, or has any member of any juror's family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the City of New York or any of the officers, departments, agencies, or employees of the City of New York, or had any interest in any such legal action or dispute or its outcome?

22. The witnesses in this case will include multiple NYPD personnel. The credibility of law enforcement witnesses is to be judged by the same standards as any other witness. Would any juror be more likely or less likely to believe a witness merely because he or she is a law enforcement officer?

23. Do you believe law enforcement officers should be afforded more credibility than other citizens when their version of events conflicts with that of the citizen? If so, why?

24. Do you believe law enforcement officers can take an oath and still be untruthful?

25. Can you treat the testimony of a law enforcement officer and a citizen equally?

26. Have you ever heard of the term "blue wall of silence"? What does this term mean to you?

27. Do you believe that citizens should be able to sue law enforcement officers for actions committed in the course of their duty?

28. Do you believe law enforcement officers are unfairly under attack?

29. Can you agree that Law enforcement in some situations have treated some citizens differently than others?

30. Do you believe most citizens arrested by law enforcement officers are in fact guilty?

31. Do you believe citizens who are assaulted by law enforcement have a right to defend themselves?

32. When do you believe the use of force by a law enforcement officer is necessary?

33. Do you believe citizens have the right to question or argue with law enforcement officers?

34. Are you familiar with Black Lives Matter? If so, what do you think of that movement?

35. Do you know what "broken windows" policing is? If so, what is your opinion on the subject?

36. Do you know what "stop and frisk" refers to? If so, what is your opinion on the subject?

37. Do you believe in human rights?

38. Do you believe in animal rights?

**Strong Opinions About Role of Attorneys in Process**

39. Attorneys play an important role in our system of justice. It is part of a lawyer's job to object to evidence when appropriate and to cross-examine witnesses called by the other side. Has any juror, based on any experience you have had or anything you have seen or heard or read, developed any personal feelings or opinions about attorneys that would make it difficult for you to be fair and impartial to Mr. McClarin?

**Prior Jury Service**

40. Has any juror ever served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

41. Has any juror ever served as a juror in a trial in any court? If so, in what court did he or she serve and was it a civil or criminal case? What type of case was it?

42. Did the jury reach a verdict?

43. If you sat in a civil case, do you understand that the burden of proof used in a criminal case is much higher than the one used in a civil case?

### Experience As A Witness, Defendant, Or Crime Victim

44. Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

45. Has any juror or any relative or close friend ever been a witness or a complainant in any hearing or trial, whether state, local, or federal?

46. Is any juror, or is any member of his or her family, or a close friend, now under subpoena or, to the best of the juror's knowledge, about to be subpoenaed in any criminal case?

47. Has any juror, or has any member of any juror's family, or any associate or close friend, ever been charged with a crime?

48. Has any juror, or has any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

49. Has any juror or any friend, associate, or relative ever been a victim of a crime? *[As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the crime.]*

### Other Questions

50. Does any juror have any difficulty in reading or understanding English in any degree?

51. I do not know if the case will generate publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports concerning the case until after it is over? If not, please raise your hand.

### Function of the Court and Jury

52. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine the City of New York and individually named police officers should be liable for the violations alleged. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

53. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

**Other Biases**

54. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she would be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

**Juror's Background**

55. The Defense respectfully requests that the Court ask each juror to state the following information:

    (a)    the juror's occupation;

    (b)    the name of the juror's employer;

    (c)    the period of employment with that employer;

    (d)    the nature of the juror's work;

    (e)    the same information concerning other employment within the last five years;

    (f)    the same information with respect to the juror's spouse and any working children;

    (g)    the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

    (h)    whether the juror owns his or her own home, and, if owned, how long the juror has owned his or her home;

    (i)    the educational background of the juror, including the highest degree obtained;

      (j)      newspapers and magazines regularly read by the juror;

      (k)      crime stories or criminal cases followed in the news;

      (l)      television programs regularly watched by the juror;

      (m)      social media websites, such as Facebook, Twitter, or You Tube, used by the juror on a regular basis;

      (n)      the names of any clubs or associations to which the juror belongs;

      (o)      where the juror grew up;

      (p)      whether they were ever stopped by the police;

## **Ability To Be Fair And Impartial**

56. The jurors in this case will be required to take an oath that they will decide the facts in this case according to the evidence and the law as I give it to you, and that they will do so without fear or favor to any person. Is there anything about this case that may prevent any juror from following that oath?

57. Is there any matter that you should call to the court's attention that would make it impossible for you to render a fair and impartial verdict based solely on the evidence or the lack thereof and the Court's instructions on the law? If yes, please explain.

58. Does any juror have any feelings at all, including any bias, sympathy, or prejudice, caused by anything you have read, heard or seen or caused by any other reason, which would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

59. Do you have any reason at all that you now wish to disclose to me privately why you do not want to, or should not, sit as jurors in this case?

10

**Requested Instructions Following Impaneling Of The Jury**

60. From this point on, until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

61. I know that many of you use cellphones, smartphones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube. See United States v. Ganias, 12-240 Cr, at 15 (2d Cir. June 17, 2014).

62. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

63. In this regard, let me explain to you that the attorneys and parties in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

64. If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything

11

unusual or improper to happen.

Dated: New York, New York
September 22, 2022

                                          Respectfully submitted,

                                          SCHULMAN TRIAL, PLLC

By:  /s/_____
       Eylan Schulman
       20 Vesey Street, Suite 1400
       New York, NY 10007
       Tel:  212-874-2500

       MICHAEL HUESTON, ESQ.
       16 Court Street, Suite 3301
       Brooklyn, New York 11241
       (718) 246-2900

       *Attorneys for Plaintiff Justin McClarin*