UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUSTIN McCLARIN

                Plaintiff(s),                **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

                                                                   CASE No: 16-cv-6846(FB)

       -against-

THE CITY OF NEW YORK, DAVID GRIECO,
MICHAEL ARDOLINO, et al.,

                Defendant(s)
-------------------------------------------------------------X

FREDERIC BLOCK, United States District Court Judge:

<u>PLAINTIFF'S CLAIMS -GENERALLY</u>[1]

       In this case, Mr. McClarin brings this action against The City of New York, and individually and in their official capacities, against Police Officers David Grieco, Michael Ardolino, Sgt. Robert Martinez, David Quattrochi, and William Schumacher under the Section 1983 Civil Rights law. This law provides, in pertinent part, that "[e]very person who, under color of a statute, ordinance, regulation, custom or usage of any State ...subjects or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured." In this case, Mr. McClarin claims that defendants committed an unlawful search and seizure, falsely arrested him and used excessive force during and after the arrest, resulting in physical injury. He also claims that defendants fabricated false evidence against him and submitted it to prosecutors, who maliciously prosecuted him. According to Mr. McClarin, these actions were taken in violation of the Section 1983 federal civil rights laws; the Fourth Amendment, and of state law.

ELEMENTS OF SECTION 1983 CLAIM

       With respect to each claim under section 1983, Mr. McClarin must establish all of the following three elements by a preponderance of the evidence:

       <u>First</u>, that the conduct complained of was committed by a person acting under color of state law;

---

[1] Per the Court's individual rules, this request to charge will be limited to the elements of the claims, damages sought and defenses.

Second, that this conduct deprived him of rights secured by the Constitution of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by Mr. McClarin. I shall now examine each of the three elements in greater detail.

As to the first element, there is no controversy here-that is, there is no dispute that, during the events in issue, the defendant officers acted under color of law. Whether the defendants committed the acts claimed by Mr. McClarin is a question for you, the jury to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendants did commit those acts, I instruct you that the defendants were acting under color of state law at the time of the acts in question. In other words, the first statutory requirement is satisfied.

The second element of each of Mr. McClarin's claims is that defendants deprived him of several federal rights: (1) the right to be free from excessive force under the Fourth Amendment; (3) the right to be free from illegal search and seizure under the Fourth Amendment; (4) the right to be free from malicious prosecution as guaranteed by the Fourth Amendment; and

In order for Mr. McClarin to establish the second element, he must show by a preponderance of the evidence: first, that the defendants committed the acts alleged by him; second, that those acts caused him to suffer the loss of a federal right; and third, that in performing the acts alleged, the defendants acted with the requisite intent.

In evaluating whether defendants' acts deprived Mr. McClarin of a federal right, you should consider each of his claims.

Finally, as to the third element, Mr. McClarin must prove that defendants' conduct was the proximate cause of his injuries and damages. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. Under Section 1983, a defendant is responsible for the natural consequences of his actions. An act or omission is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damages that Mr. McClarin suffered was a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of defendants' conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendants' conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an Injury.

In order to recover damages for an injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you would find that the defendants proved, by a preponderance of the evidence,

that plaintiff complains of an injury which would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause plaintiffs injury.

### APPLYING ELEMENTS OF THE CLAIM TO MULTIPLE PARTIES

If you find that Mr. McClarin has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any once of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case against each defendant must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any of the other defendants. Moreover, the fact that you find that Mr. McClarin has not proven his case with respect to one claim does not determine your verdict as to any other claim asserted by him.

### STATE OF MIND

I instruct you that to establish a claim under section 1983, the plaintiff must show that one or more of the defendants acted intentionally or recklessly. The plaintiff need not prove that the defendants intended specifically to deprive the plaintiff of his constitutional rights. Rather, the plaintiff must establish that the defendants acted intentionally or recklessly to carry out the action which resulted in a violation of the plaintiff's constitutional rights. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.

### PERSONAL INVOLVEMENT IN A SECTION 1983 VIOLATION

A plaintiff seeking to recover damages for an alleged constitutional deprivation under Section 1983 must show personal involvement on the part of each defendant. To establish that a defendant was personally involved, it is not necessary for plaintiff to establish that the defendant was the ultimate decision maker or the individual whose acts were the direct cause of the alleged deprivation. A defendant may be held liable if he, with knowledge of the illegality, participates in bringing about a violation of the plaintiff's rights but does so in a manner that is indirect, such as ordering or helping others to perform the unlawful acts.

### SUPERVISORY LIABILITY

Liability may be imposed upon a supervisory official who participated directly in the violation of a person's constitutionally protected rights. A supervisor may also be held liable for a violation of federally protected rights even if the supervisor did not participate directly in the violation.

The standards for assessing whether the supervisor proximately caused plaintiff's constitutional injury are different from the standards for assessing a subordinate's liability. If the subordinate denied plaintiff a constitutional right, a supervisor is not liable for such a denial simply because of the supervisory relationship.

To find that a supervisor did something affirmative to cause injury to the plaintiff, you must find by a preponderance of the evidence that the supervisor was personally involved in the conduct that caused plaintiff's injury. The personal involvement of a supervisory defendant may be shown by evidence that the defendant participated directly in the alleged constitutional violation. The focus should be on what Sgt. Martinez did or caused to be done in his supervisory capacity. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Plaintiff has the burden of establishing by a preponderance of the evidence that a supervisory defendant participated directly in the violation of his rights.

## LIABILITY OF OFFICER WHO FAILED TO INTERVENE

Mr. McClarin claims that he was subjected to an unreasonable search, false arrest, excessive force and the other defendants failed to intervene on his behalf in the presence of obvious unconstitutional conduct. All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence. An officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable for failure to intervene, you must conclude that the following elements have been met:

First: that a defendant subjected plaintiff to an unlawful act;

Second: that another defendant observed those actions and knew they were unlawful;

Third: that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and

Fourth: that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

## UNLAWFUL SEARCH CLAIM

Mr. McClarin claims that Police Officers Grieco and Ardolino committed an improper search of 393 Warwick St. on December 13, 2015, in violation of his constitutional rights. The Fourth Amendment to the United States Constitution provides that people shall not be subject to "unreasonable searches and seizures, [except upon] probable cause ...." The Fourth Amendment, thus, prohibits the police from carrying out unreasonable property searches and it is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586 (1980). These principles apply with particular intensity when a home is searched in the middle of the night, such as the instant circumstances. *United States v. Simmons*, 661 F.3d 151, 157 (2d Cir. 2011).

A police officer who conducts a warrantless search or seizure inside the home bears the burden of proving that his conduct was justified and the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.

A police officer commits an improper search when they search a home without a warrant or exigent circumstances. What does the law mean by exigent circumstances? Exigent circumstances exist when law enforcement agents are confronted by an urgent need to render aid or take action.

<u>EXCESSIVE FORCE</u>

Mr. McClarin claims that Police Officer David Quattrochi violated his Fourth Amendment rights by using excessive force during the course of his arrest and detention. Defendants claim that any force or restraint Mr. McClarin was subjected to was based on probable cause and resulted from his own conduct. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable force during the course of an arrest. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when arrested.

Every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. Thus, where an arrest is unlawful, any amount of force is excessive, and therefore, if you find that plaintiff was unlawfully arrested, any force used on him, no matter how slight, amounts to excessive force.

On the other hand, in making a lawful arrest, police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence: in this case establishes that there was some forcible contact between Mr. McClarin and Officer Quattrochi would not be sufficient by itself to demonstrate that the defendants violated his constitutional rights. On the other hand, you may find that Officer Quattrochi 's conduct did, in fact, constitute unreasonable and excessive force that would render the defendant liable.

The question before you is whether Officer Quattrochi's actions on December 13, 2015, were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged

5

from the perspective of a reasonable police officer on the scene, rather than with the *20/20* vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether Mr. McClarin posed an immediate threat to the safety of the police officer or others, and whether Mr. McClarin was actively resisting arrest at the time the alleged excessive force was applied.

Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation. You do not have to determine whether Officer Quattrochi used the least amount of force possible. For the defendant need only to have acted within the range of conduct identified as reasonable force. Only if you find that the amount of force used was greater than that which a reasonable officer would have employed will the plaintiff have established his claim of excessive force.

Your verdict must be for Mr. McClarin and against Officer Quattrochi on his claim that excessive force was used during the course of his arrest and detention if Mr. McClarin has proven the following elements by a preponderance of the evidence:

First, defendants committed the acts alleged by Mr. McClarin, or failed to intervene to stop the acts from being committed; and

Second, Officer Quattrochi's use of such restraint and force was excessive because it was not reasonably necessary to effectuate an arrest, and

Third, as a direct result, McClarin was damaged, and

Fourth, defendants were acting under color of state law.

Mr. McClarin has the burden of proving that the defendants' actions were a proximate cause of his injuries. Injury is proximately caused by a defendant's conduct when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury. Plaintiff is not required to show that he suffered a serious injury in order to establish an excessive force claim. The severity of the injury, if any, is an issue as to damages, and not to liability.

In sum, if you find that Mr. McClarin has established, by a preponderance of the evidence, that Officer Quattrochi used excessive force during the course of his arrest and detention, then plaintiff is entitled to recover from the defendants for the injuries and damages caused by the excessive force.

However, if you find that Mr. McClarin has failed to establish, by a preponderance of the evidence, that defendant Quattrochi used excessive force, that the excessive force caused his injuries, then your verdict will be in favor of defendant Quattrochi.

## MALICIOUS PROSECUTION

Mr. McClarin claims that Police Officer Michael Ardolino violated his constitutional rights by maliciously prosecuting him for charges based on evidence that the defendant fabricated and distributed to prosecutors. Mr. McClarin further alleges that he was denied his physical liberty as a result of Officer Ardolino's fabrication and distribution of false evidence – for a period of approximately five days.  When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages. Thus, to prove this claim, Mr. McClarin must prove by a preponderance of the evidence that defendants fabricated evidence against him and forwarded that evidence to prosecutors for malicious prosecution.

In order to succeed on his Section 1983 malicious prosecution claim against the Officer Ardolino, Mr. McClarin is required to prove: (1) the commencement or the continuance or a criminal proceeding by the defendants against him; (2) the termination of the criminal proceeding in favor or Mr. McClarin; (3) the absence of probable cause for the proceeding; and (4) malice on the part of the defendants.

The first two of those elements have been met, because it is clear on this record that a criminal proceeding was commenced and continued against Mr. McClarin, and that a criminal proceeding was later dismissed against him.

It is for you, the jury, to determine whether Mr. McClarin has satisfied the last two elements of the claim for relief. With respect to the third element, whether there was probable cause to commence and continue criminal proceedings depends upon whether a reasonably prudent person, based upon all of the facts and circumstances known to him *when the prosecution was commenced* would have believed that Mr. McClarin was guilty of the crimes with which he was charged. The fact that the charges were ultimately dismissed is not evidence that the defendant lacked probable cause when the prosecution was commenced.

As a matter of law, the criminal prosecution begins at the time of arraignment. Probable cause exists when an officer or other actor has knowledge of facts and circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that the person arrested committed an offense.

Once probable cause for an arrest had been established, the criminal prosecution is also supported by probable cause unless some facts that would exonerate the accused of the wrongdoing come to the attention of the defendants between the time of the detention and the time of the prosecution, that is, the time of arraignment, and the defendants fail to come forward with those facts.

If you determine that there was probable cause for Mr. McClarin's arrest, then you must also conclude that there was probable cause for the criminal proceedings unless you determine that, at some point between the time Mr. McClarin was originally detained and the time of arraignment, one or both of the defendants became aware of some facts that would exonerate

7

plaintiff of the charges but failed to come forward with that information.

With respect to the fourth element, to show malice, Mr. McClarin must show that the criminal prosecution was initiated and continued for a purpose other than to secure a conviction of a guilty person, or that it was initiated and continued out of ill will or reckless disregard for the rights of the accused. A prosecution is initiated and continued with reckless disregard for the rights of the accused when it is initiated without any reasonable belief that the accused has actually committed the offense for which he is charged. If you find that the defendants did not have probable cause to believe that Mr. McClarin committed the crimes for which he was charged, you may, but are not required, to infer that the defendants acted maliciously.

You may return a verdict for Mr. McClarin only if you find that he has satisfied all four elements of his claim for relief. If he has failed to satisfy any element of his claim then your verdict must be for Officer Ardolino.

## STATE LAW CLAIMS: ASSAULT AND BATTERY

I now turn to plaintiff's state law claims against the defendants. We call these claims "supplemental state law claims," because they are alleged in addition to the federal constitutional claims. These claims are not for deprivations of constitutional rights, but they are claims based on common law torts, namely, the civil wrongs of assault and battery and false arrest, brought under state law principles. Although plaintiff also asserts a claim of malicious prosecution under state law, I will not review the state claims with you because, despite once exception, the malicious prosecution claim is identical to his malicious prosecution under federal law, which I have already described. The exception between the federal and state law claims is the availability of a defense to the federal claims called qualified immunity. I will explain this defense in the next section.

Now turning to the claims of assault and battery, a plaintiff claiming assault must prove that a defendant intentionally placed the plaintiff in reasonable fear of imminent harmful or offensive bodily contact. To sustain a battery claim, a plaintiff must establish that the defendant intentionally and wrongfully engaged in physical contact with the plaintiff without the plaintiff's consent.

In making a lawful arrest, police officers have the right to use as much force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Because officers have this right, they can be held liable only if the force they used was excessive. Mr. McClarin claims that Officer Quattrochi assaulted and battered him without provocation, while the remaining defendants knew of the assault and did nothing to prevent it. Officer Quattrochi claims that he used only as much force as he reasonably believed necessary under the circumstances.

If you determine that Officer Quattrochi effected a lawful arrest, that is, acted reasonably, including using no more force than they reasonably believed necessary under the circumstances existing at the time and place of the incident, then you will find that the defendants committed no assault and battery. However, if you determine that the arrest of Mr. McClarin was unlawful, then any touching of his person amounts to assault and battery regardless of whether the force

would have been deemed reasonable if applied during a lawful arrest. Thus, under such circumstances, defendant City of New York would be liable for Mr. McClarin's claim of assault and battery.

Also, unlike plaintiff's Section 1983 excessive force claim, responsibility for a state law assault and battery is incurred not only by the person making the arrest, but also by the government employer if the force was used within the scope of the officer's employment. Accordingly, as a matter of law, the City of New York is responsible for any assault and battery by the individual police officers involved in this case.

## STATE LAW CLAIM: FALSE ARREST

Mr. McClarin claims that NYPD falsely arrested him on December 13, 2015. A police officer commits an unlawful arrest when he arrests a person without probable cause. What does the law mean by probable cause?

Probable cause exists when an officer has knowledge of facts and circumstances that are of such weight and persuasiveness as to convince a prudent and reasonable police officer of ordinary intelligence, judgment, and experience, that it is reasonably likely that the person arrested committed an offense. In other words, probable cause exists when an officer has knowledge of facts and circumstances sufficient to warrant a reasonably prudent police officer in believing that a crime has been committed, and that the person arrested committed the crime. In New York, a police officer does not have to be present when the actions giving rise to probable cause occur; rather "a police officer may arrest a person for: (a) any offense when he has reasonable cause to believe that such person has committed such offense in his presence; and (b) a crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise."

Probable cause does not require proof beyond a reasonable doubt, or even proof by a preponderance of the evidence. In dealing with probable cause, we deal with probabilities. These are not technical concepts. They are factual and practical considerations of everyday life, on which reasonable and prudent persons act. The existence of probable cause is measured as of the moment of the arrest, not on the basis of later developments. Thus, the ultimate disposition of the criminal charges is irrelevant. Therefore, in determining whether there was probable cause to arrest Mr. McClarin, you are not to take into account that the charges against Mr. McClarin were eventually dismissed.

Mr. McClarin has the burden of establishing by a preponderance of the evidence that he was arrested without probable cause. If probable cause existed for the arrest, then Mr. McClarin was not subjected to a false arrest.

In order for you to determine whether the defendant officers had probable cause to arrest Mr. McClarin for any of the charges made against him, I shall instruct you as to the elements of the crimes that Mr. McClarin was initially charged with committing when he was arrested.

Under New York Law, a person is guilty of unlawful imprisonment in the first degree

when he restrains another person under circumstances which expose the latter to a risk of serious physical injury.

A person is guilty of criminal mischief in the third degree when, with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he or she has such right, he or she damages property of another person in an amount exceeding two hundred fifty dollars.

A person is guilty of assault in the third degree when, with intent to cause physical injury to another person, he causes such injury to such person or to a third person;

A person is guilty of criminal possession of a controlled substance in the second degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of four ounces or more.

A person is guilty of criminal possession of a narcotic in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it.

A person is guilty of criminal use of drug paraphernalia in the second degree when he knowingly possesses or sells scales and balances used or designed for the purpose of weighing or measuring controlled substances, under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant.

A person is guilt of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance.

If the defendants had probable cause to arrest Mr. McClarin for any of these charges, then Mr. McClarin was not unlawfully arrested, and your verdict must be in favor of the officers on the state law false arrest claim.

## QUALIFIED IMMUNITY

Even if you find that defendants violated plaintiff's constitutional rights, they still may not be liable to plaintiff. This is so because defendants may be entitled to what is called qualified immunity. If you find that defendants are entitled to such an immunity, you may not find them liable.

Defendants will be entitled to qualified immunity if, at the time of the incident, defendants neither knew nor should have known that their actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that the defendant was unaware of the federal law. However, a defendant is entitled to a qualified immunity if (1) it was objectively reasonable for him to believe that his actions were consistent with federal law or (2) reasonably competent police officers could disagree as to the legality of any of defendants' conduct.

In deciding what a competent official would think about the legality of the conduct of defendants, you may consider the nature of the defendants' official duties, the character of their official position, the information which was known to the defendants or not known to him, and the events which confronted him. You must ask yourself what a reasonable official in the defendants' situation would have believed about the legality of the defendants' conduct. You should not, however, consider what defendants' subjective intent was, even if you believe that the intent was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in defendants' situation would believe their conduct to have been lawful, then this element will be satisfied.

Defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law. If defendants convince you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, then you must return a verdict for defendants, even though you may have previously found that their actions violated plaintiff's rights.

## DAMAGES -INTRODUCTION/GENERAL

If you find that Mr. McClarin is entitled to recover against any or all defendants, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find he has sustained as a result of any of his federal and state law claims.

Simply because I am giving you instructions on the subject of damages should not be construed by you as any indication that I believe you should find for Mr. McClarin. That is entirely up to you. I have to charge you on the law of damages in the event that in your deliberations you find that Mr. McClarin is entitled to recover. Only then do you have to know how to go about computing damages. Thus, in instructing you on damages, I am not expressing any views one way or the other as to whether the plaintiff should recover in this case.

It is for you to decide on the evidence, and the law as I have instructed you, whether the plaintiff is entitled to recover from any of the defendants. If you have decided that Mr. McClarin is not entitled to recover, you should go no further. Only if you decide that he is entitled to recover, will you consider the amount of damages to be awarded.

I instruct you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and it is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justly and fairly compensate the plaintiff for any injuries and damages you find he sustained. You will make that determination only from the evidence in this case, based on the law I will give you, and not on the basis of an attorney's statement, claim or argument.

### *Causation and Damages*

You may award damages only for those injuries that you find Mr. McClarin has proven, by a preponderance of the evidence, to have been the direct result of the conduct of a defendants with regard to a federal Section 1983 violation and violations under New York State law. You must distinguish between, on the one hand, the existence of a violation of Mr. McClarin's rights

and, on the other hand, the existence of injuries and damages naturally resulting from that violation. Thus, even if you find for Mr. McClarin on any of his claims, you must ask yourself whether he has also proven, by a preponderance of the evidence, that the violation of his rights caused the injuries and damages that he claims to have suffered.

### *Actual or Compensatory Damages*

In considering an award of damages, your first task is to determine the amount of actual or what the law calls "compensatory" damages allegedly sustained by Mr. McClarin. Compensatory damages are not to be awarded or increased to penalize defendants, but rather to make the plaintiff whole-that is, to fairly compensate plaintiff for the damages he suffered as a result of defendants' actions. Compensatory damages are not limited simply to expenses that plaintiff incurred because of his injury. If plaintiff wins, he is entitled to, in addition to his expenses, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of defendants' conduct.

You should award Mr. McClarin only an amount that justly and fairly compensates him for any injuries and damages you believe he actually sustained as a direct consequence of a defendant's conduct. Thus, you may not simply award actual damages for any injury Mr. McClarin suffered. Rather, you must award compensatory damages only for those injuries that are a direct result of actions by a particular defendant, which in turn, caused plaintiff's federal or state law rights to be violated. In addition, compensatory damages may include damages only for injuries that you find to have been proximately caused by acts for which you find the defendants to be liable.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Overall, your verdict must be based on the evidence.

### *Pain, Suffering, and Emotional Distress*

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress – past, present, future – that you determine to be reasonable compensation in light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an clement of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. in other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate Mr. McClarin for the actual pain, suffering, and emotional distress you find that he has endured and will endure in the future as the direct result of any constitutional

deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just and, reasonable.

### *Double Recovery and Compensatory Damages*

In this case, Mr. McClarin alleges the defendants violated his federal rights by 1) unlawful search: 2) use of excessive force; and 3) malicious prosecution. If you find defendants violated more than one of Mr. McClarin 's rights, you must remember, in calculating the damages, that he is entitled to be compensated only once for the injuries he actually suffered.

In sum, you must be careful that, in determining the proper measure of damages for these claims, you do not award double compensation for a single injury that resulted from violations of two different rights. Below I will discuss with you the measure of damages for each of plaintiff's federal claims.

### *As to Excessive Force*

As to the claim based on excessive force, if you find in favor of Mr. McClarin, you will fix one lump sum that will justly and fairly compensate him for all the injuries you find he sustained, as follows:

*First,* you must include in your verdict an award for all the injuries and pain and suffering that you find Mr. McClarin has sustained as a result of this incident to this date.

*Second,* you must include an award for any mental or emotional distress on Mr. McClarin's part that you find resulted from the personal injuries sustained in the incident.

*Third,* if you find that any of Mr. McClarin's injuries are permanent, you must make such allowance in your verdict as you think that circumstance warrants, taking into consideration the period of time that has elapsed from the date of the injury, to the present time, and the period of time that the plaintiff can be expected to live.

You may determine what steps Mr. McClarin could have taken to lessen the harm that he suffered. The burden is on the defendants to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so. If the defendants convince you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him

### *As to Unlawful Search and False Arrest*

For the unlawful search and seizure claims, Mr. McClarin may recover compensatory damages proximately caused by the unlawful search and subsequent arrest. The damages may include any loss of liberty, humiliation, pain and suffering, and emotional distress caused by the illegal detention from the date of Mr. McClarin's arrest until the date of his arraignment, in addition to any losses as a result of the damage caused by defendants during the course of the incident. When considering this claim, you can consider: Mr. McClarin's demeanor during the period between his arrest to arraignment how well or poorly he was treated by the defendants

during that period, and the actual duration of that period.

### *As to Malicious Prosecution*

If you find for Mr. McClarin with respect to his malicious prosecution claim, you should award a sum of money that will compensate him for any humiliation, injury to reputation, emotional distress, and out-of-pocket expenses suffered by him and proximately resulting from the malicious prosecution.

Specifically, the damages recoverable for malicious prosecution encompass whatever are the direct, natural, and proximate results of the entire duration of the criminal prosecution, from the time of Mr. McClarin's arraignment, until the date on which the charges were dismissed.

The damages in this malicious prosecution claim that you may consider include: humiliation, injury to reputation, emotional distress, legal fees and expenses incurred in defending the prosecution, and loss of earnings due to time spent in court.

### *Joint and Several Liability*

When two or more persons unite in causing an indivisible harm to a plaintiff, as is alleged in the present case, they can be charged with what the law calls joint and several liability for their acts. Joint and several liability means that each defendant is held liable for the entire amount of actual injury caused to the plaintiff as a result of the defendants' actions. The law does not require the injured party to establish how much of the injury was caused by each defendant. Rather, if the plaintiff is entitled to compensatory damages, the law permits a total sum of damages to be awarded to the plaintiff without breaking down how much each defendant is responsible for the damages. The plaintiff, however, will be entitled to only one recovery against the defendants.

### *Nominal Damages*

Nominal damages are awarded when the plaintiff has been deprived by a defendant of a constitutional right, but has suffered no actual damage as a natural consequence of that deprivation. This is because merely suffering constitutional deprivation is an injury that must be recognized.

Therefore, if you return a verdict for Mr. McClarin on a federal Section 1983 claim, but find that he has failed to prove, by a preponderance of the evidence, that he suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of one dollar, on the particular claim.

### *Punitive Damages*

In addition to either actual damages or nominal damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the defendants and others not to engage in that conduct.

If you find by a preponderance of the evidence that Mr. McClarin is entitled to a verdict for either actual damages or nominal damages, and you further find that the conduct of the defendants, which proximately caused injury or damage to Mr. McClarin, was done maliciously, or wantonly, or oppressively, then you may add to the award of actual or nominal damages such amount, as you unanimously agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the plaintiff.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

If you unanimously find, from a preponderance of the evidence in the case, that the defendants' conduct, which proximately caused actual or nominal damage to Mr. McClarin, was done maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages. However, such extraordinary damages may be allowed only if you should first unanimously award Mr. McClarin a verdict for either compensatory damages or nominal damages.

The amount of any punitive damages awarded must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect you have considerable discretion. You may decide that even though compensatory damages or nominal damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendants' conduct and the relationship to the actual harm inflicted on Mr. McClarin. It should be proportionate to the need to punish the defendants and to deter them and others from like conduct; it should not be based on whim or on unrestrained imagination.

<u>Award is not Taxable</u>

Finally, if you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.