**SCHULMAN TRIAL, PLLC**
*Attorneys at Law*
**EYLAN SCHULMAN**

20 VESEY ST., SUITE 1400
NEW YORK, NY 10007
212.874.2500
EYLAN@SCHULMANTRIAL.COM
WWW.SCHULMANTRIAL.COM

September 25, 2022

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Justin McClarin v. City of New York, et al.
            16-CV-6846 (FB)

Your Honor:

    Plaintiff Justin McClarin ("McClarin") respectfully submits this letter in support of his request to elicit testimony bearing on defendant Grieco's character for truthfulness. McClarin requests permission to elicit testimony about *only* four lawsuits – out of 24 settled cases – and *the fact that* Grieco had 15 adverse internal investigations findings for failing to make memobook entries. Several of Grieco's lawsuits and internal findings suggest he made false statements and otherwise engaged in deceptive conduct – and the jury should consider the evidence when evaluating his testimony in this case. As recently as March 6, 2022, the NY Daily News reported that "Settlements top $1M for much-sued NYPD sergeant [Grieco] accused of unwarranted stops, arrests and raids."[1] Specifically, the City paid out $1,066,750 for 24 settled lawsuits against defendant Grieco. (*Id.*)

    I.    *Prior lawsuits bearing on defendant Grieco's character for truthfulness.*

    Defendant Grieco was a defendant in *Wilson v. David Grieco, et al.*, 10-cv-4206 (E.D.N.Y), before Your Honor. In *Wilson*, defendant Grieco falsely charged plaintiff with criminal possession of a weapon, lied to prosecutors about the plaintiff committing certain crimes, and lied in the grand jury. (*Id.*, Dkt. No. 1.) Defendant Grieco and his City attorneys disposed of the case for $25,000. (*Id.*, at Dkt. No. 10.)

    In *Johnson and Agostini v. Grieco, et al.,* 13-cv-7173 (E.D.N.Y.), Grieco and his colleagues lied about finding narcotics and falsely charged plaintiffs with narcotics

---

[1] The article can be accessed at https://www.nydailynews.com/new-york/nyc-crime/ny-bullethead-lawsuit-figure-nypd-20220306-vzmqnuvssnf47neai7nacqzdve-story.html.

The Honorable Frederic Block *McClarin v. City of New York, et al.,* 16 Cv. 6846 (FB)
September 25, 2022

possession. In a case remarkably similar to this case, defendant Grieco coerced one of the plaintiffs into signing a false confession and lied about observing one of the plaintiffs throw drugs out a window. (*Id.*, Dkt. No. 1.) Defendant Grieco and his attorneys resolved *Johnson* for $7,501. (*Id.*, at Dkt. No. 96.)

In *Perry, et al. v. City of New York*, 13-cv-7071, Grieco filed false reports and provided false information to the Kings County District Attorney's office regarding plaintiff making furtive movements and recovering a firearm. (*Id.*, Dkt. No. 1.) Grieco and his City lawyers settled that case for a concealed amount. (*Id.*, at Dkt. No. 17.)

In *Bannister, et al. v. City of New York*, 13-cv-5886, Grieco falsely told Brooklyn prosecutors that he observed plaintiffs commit several crimes and offenses related to guns and drugs. *Bannister* was similarly settled for an undisclosed amount. (*Id.*, at Dkt. No. 13.)

   II. *Disciplinary findings bearing on defendant Grieco's character for truthfulness.*

McClarin requests permission to introduce *the fact that* Grieco failed to properly memorialize law enforcement actions on at least 15 occasions. Defendant Grieco's personnel file demonstrates he committed the violation the following times: 7/20/11, 7/28/11, 9/16/11, 10/29/11, 11/3/11, 5/11/12, 3/15/13, 5/13/13, 6/26/13, 7/15/13, 7/31/13, 8/13/13, 11/22/13, 9/15/14, and 6/24/14 – and these were just between July 2011 and June 2014.

The fact that Grieco was disciplined at least 15 times for failing to make memo book entries – as he did in this case – is probative of Grieco's intent and lack of mistake, evinced by prior knowledge of his obligation to keep certain records on the date of this arrest. McClarin will demonstrate that Grieco's misconduct in the instant case was a deliberate, calculated attempt to engage in unlawful conduct, accompanied by subterfuge and obfuscation, which Grieco routinely employed to give himself greater leeway to act outside the law and fabricate storylines – without being constricted by his own record-keeping. *Epstein v. Kalvin-Miller International, Inc.*, 121 F. Supp. 2d 742, 748 (S.D.N.Y. 2000).

The *fact of* the 15 substantiated charges should be admissible because it establishes Grieco's motive, intent, and absence of mistake – the charges establish Grieco was aware that his failure to document activities violated NYPD rules, yet he continued his practice of shoddy, inaccurate, and incomplete record keeping, despite repeated instructions to the contrary, and in the face of further disciplinary action

We thank the Court for its continued attention and respectfully ask the Court to permit cross examination of defendant Grieco consistent with the arguments advanced herein.

Very Truly Yours,
Schulman Trial, PLLC

By:_____
Eylan Schulman