

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ZACHARY KALMBACH**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |

September 26, 2022

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: McClarin v. City of New York, et al.,
     16-CV-6846 (FB) (SJB)

Your Honor:

  I represent defendants City of New York, Grieco, Ardolino, Martinez, Schumacher, and Quattrocchi in the above-referenced matter. Defendants respectfully write in opposition to plaintiff's request to elicit evidence of: (1) four prior lawsuits against defendant Grieco; and (2) defendant Grieco's disciplinary history as it pertains to memo book entries (ECF No. 126).

  By way of background, on September 12, 2022, defendants moved to preclude evidence of the individual defendants' disciplinary histories and prior lawsuits (ECF No. 108-1 at 4-7). The Court held a pretrial conference on September 22, 2022, during which the Court indicated that it would grant defendants' motion because, *inter alia*, plaintiff had not identified any substantiated findings of untruthfulness against the defendant officers. The Court granted plaintiff an additional opportunity to do so, and plaintiff filed the above-referenced letter on September 25, 2022 (ECF No. 126).

  First, plaintiff requests permission to elicit testimony about four prior lawsuits in which defendant Grieco was named as a defendant. Plaintiff summarizes the allegations in the lawsuits as if they were undisputed facts, but, in reality, not a single one of the lawsuits resulted in a finding of liability against defendant Grieco. In fact, in the Johnson case, a jury returned a verdict *in favor* of defendant Grieco. See 13-CV-7173, ECF No. 94. The law is clear that the probative value of lawsuits with no finding of liability "is outweighed by the danger of unfair prejudice, confusion of the issues and considerations of undue delay." Gogol v. City of New York, 15 Civ. 5703 (ER), 2017 U.S. Dist. LEXIS 221874, at *11 (S.D.N.Y. Sep. 26, 2017). Moreover, the allegations in the prior lawsuits plainly constitute inadmissible hearsay. And, as Your Honor noted during the pretrial conference, evidence of prior lawsuits will turn this trial into a series of mini-trials, as

defendant Grieco will necessarily be put in the position of having to defend himself against not just plaintiff's allegations but the allegations of up to *ten* other plaintiffs. Such a scenario would unfairly prejudice defendant Grieco, confuse the issues, and waste the Court and the jury's time. As such, plaintiff should be precluded from eliciting evidence of prior lawsuits in which defendant Grieco was named as a defendant.

Second, plaintiff requests permission to introduce substantiated allegations of improper memo book entries against defendant Grieco. As an initial matter, the single case plaintiff cites in support of his argument—Epstein v. Kalvin-Miller International, Inc., 121 F. Supp. 2d 742 (S.D.N.Y. 2000)—does not even remotely address the admissibility of discipline related to recordkeeping, let alone discipline pertaining to memo book entries. In any event, plaintiff fails to identify a single instance in which defendant Grieco was disciplined for making a false statement or otherwise being untruthful. Indeed, there is no indication that the substantiated allegations relating to the adequacy of defendant Grieco's memo book entries had any bearing whatsoever on his character for truthfulness. Moreover, allowing plaintiff to elicit evidence of substantiated allegations pertaining to memo book entries will also turn this trial into a series of mini-trials, as defendant Grieco will be forced to explain the circumstances surrounding each substantiated allegation. As such, plaintiff should be precluded from eliciting evidence of any substantiated allegations pertaining to the adequacy of defendant Grieco's memo book entries.

Accordingly, defendants respectfully request that the Court, consistent with its prior rulings and prevailing case law, preclude plaintiff from introducing evidence pertaining to defendant Grieco's disciplinary history or prior lawsuits. Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*

cc:   **Via ECF**
      Eylan Schulman
      Michael Hueston
      *Attorneys for plaintiff*