

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | ZACHARY KALMBACH<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |

October 7, 2022

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    McClarin v. City of New York, et al.,
                  16-CV-6846 (FB) (SJB)

Your Honor:

      I represent defendants City of New York, Grieco, Ardolino, Martinez, Schumacher, and Quattrocchi in the above-referenced matter. For the reasons set forth herein, defendants write to respectfully request that the Court declare a mistrial.

      By way of background, trial commenced in this matter on September 27, 2022. On October 6, 2022, the Court continued a charge conference that began on October 5, 2022, the parties made their closing arguments, and the Court charged the jury. During what should have been a verbatim reading of the jury instructions provided to the parties prior to summations, the Court consistently strayed from the jury instructions that were provided to the parties and commented and provided personal thoughts on the evidence, and in so doing made several blatantly improper comments that clearly prejudiced defendants and deprived them of a fair trial.

      Fed. R. Civ. P. 51 provides in pertinent part that the Court "must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and *before final jury arguments*" (emphasis added). "The purpose of this rule is to allow both parties to mold their closing arguments to the points of law that will be explained in the final jury charge." Gordon v. New York City Bd. Of Educ., 232 F.3d 111, 118 (2d Cir. 2000) (citing Wiedersum Assocs. v. Nat'l Homes Constr. Corp., 540 F.2d 62, 65-66 (2d Cir. 1976)). Failure to abide by this mandate is reversible error where counsel is "hindered in [his] ability to present summations which fully deal[] with the issues to be placed before the jury." Id. (quoting Wiedersum Assocs., 540 F.2d at 66).

First, the Court erred when it instructed the jury against drawing inferences from a party's failure to call witnesses. Defendants objected to this instruction at sidebar, particularly in light of the fact that plaintiff bears the burden of proof in this case, and are renewing their objection here. In summation, defense counsel argued, *inter alia*, that the fact that plaintiff had not called certain witnesses to testify suggested that the testimony of those witnesses would not be favorable to plaintiff, and that plaintiff's failure to call those witnesses evinced that he had failed to satisfy his burden of proof. Defense counsel specifically identified several witnesses who plaintiff failed to call, including Marisol Lopez (Samantha Miranda's aunt), Anthony Modeste (plaintiff's friend), Modeste's family members, and Miranda's friend. Almost immediately thereafter, the Court *began* its charge first with a lengthy and inappropriate diatribe about how the Court also wondered where at least Marisol Lopez was and why she wasn't called to testify and then with a lengthy instruction which, in sum and substance, instructed the jury against making even the slightest inferences from a party's failure to call witnesses. And in so doing, the Court specifically and repeatedly told the jury to completely disregard the fact that Ms. Lopez was not called to testify. There was no legal basis for this instruction. The Court went on to provide an anecdote of another case in which a juror supposedly, in the Court's view, inappropriately considered the fact that a certain witness did not testify to highlight the improper instruction. Setting aside that Court's instruction was legally incorrect, even more alarming is the fact that the instruction was not provided to the parties in advance of summation. Indeed, defendants relied on the charge provided to them prior to summation, and had they known that the Court would almost immediately undercut one of their central arguments, defense counsel would have substantially altered his summation. As such, the Court's error was clearly prejudicial and deprived defendants of a fair trial.

Second, the Court erred when, completely unprompted, it provided its own personal thoughts about and instructed the jury against placing weight on evidence of plaintiff's history of threatening Samantha Miranda. In summation, defense counsel argued that a number of instances where plaintiff threatened violence against Samantha Miranda—including threatening her life— bore directly on her motivation to testify at trial in support of plaintiff. Any evidence bearing on Miranda's motivation to testify in support of plaintiff is especially important in this case, given that plaintiff's prosecution was based on her report that he held her against her will and abused her. Nevertheless, while charging the jury—and throughout trial—the Court made a series of comments downplaying plaintiff's past threats against Miranda. Indeed, the Court explicitly instructed the jury to not focus on these prior incidents because, *inter alia*, "troubled relationships" are not uncommon. Indeed, the Court even went so far as to compare plaintiff's disturbing conduct to divorce. The Court's commentary and blatant downplaying of a key aspect of defendants' case and defense counsel's summation was clearly improper. And, again, none of these instructions were provided to the parties prior to summation. Had defendants known that the Court would specifically downplay these prior incidents in its jury instructions, defense counsel obviously would not have made them a focus of his summation. Instead, defense counsel unknowingly "argued a theory to the jury that was diametrically at odds with the eventual instruction given by the court." See Gordon, 232 F.3d at 119. As such, the Court's comments prejudiced defendants and deprived them of a fair trial.

Third, the Court erred when it gave a "law enforcement witness" charge that was significantly more expansive than the charge that was provided to the parties in advance of summation. During the charge conference, defendants requested that the Court remove the "law enforcement witness" section from its charge, on the grounds that it was unnecessary given that

2

the Court already intended to charge the jury on the credibility of witnesses. The Court denied that request, but unfortunately did not stop there. Instead, it gave a lengthy charge on the credibility of law enforcement witnesses that was significantly more expansive than the charge that was previously provided to the parties. The fact that the Court spent so much more time discussing the credibility of law enforcement officers as compared to the other witnesses who testified at trial—that is, plaintiff's witnesses—is especially concerning in light of the Court's conduct towards the defendants during the presentation of evidence. For example, during defendant Ardolino's testimony, the Court became palpably frustrated with him and warned him, in front of the jury, that "the jury will assess your credibility." Moreover, the Court expressed similar frustrations during defendant Martinez's testimony, to the point where the Court raised its voice at him in front of the jury. In light of such conduct, the fact that the Court gave such a lengthy instruction on the credibility of law enforcement witnesses suggested to the jury that it should be especially critical of their testimony and further that the Court itself questioned the credibility of these witnesses. This clearly prejudiced the defendants and deprived them of a fair trial.

Defendants note that the Court's improper commentary during its jury charge is, unfortunately, part and parcel of the Court's conduct throughout this trial. As noted above, the Court repeatedly downplayed evidence presented by defendants at trial. Moreover, the Court precluded defendants from presenting plainly proper impeachment evidence without any legal basis whatsoever. Specifically, the Court precluded audio recordings of plaintiff *offering to pay Samantha Miranda in exchange for her testimony* after plaintiff swore, under oath, that he did not. Moreover, as noted above, the Court has repeatedly made inappropriate on-the-record comments to the defendant officers, including telling Officer Ardolino, "the jury will assess your credibility," and referring to Officer Grieco as "bullethead." All of this conduct, combined, has undoubtedly influenced the jury and prejudiced defendants.

Accordingly, it is clear that defendants have been deprived of a fair trial. Defendants respectfully submit that no curative instruction would be sufficient to cure the Court's errors, and thus defendants respectfully request that the Court declare a mistrial.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*

cc:   **Via ECF**
Eylan Schulman
Michael Hueston
*Attorneys for plaintiff*